DECISION AND JUDGMENT ENTRY
Appellant, David D. Johnson, appeals from a judgment of the Lucas County Court of Common Pleas, wherein the trial court granted summary judgment to appellee, the Toledo Board of Education, on appellant's claims of racial discrimination, in violation of R.C. 4112.02, "retaliation," and constructive discharge. Pursuant to 6th Dist.Loc.App.R. 12(C), this cause is assigned to the court's accelerated docket.
Appellant, who acted as his own counsel on appeal, does not set forth any assignments of error for our consideration; however, he does state several arguments[1], all of which pertain to his causes of action. Our thorough review of the record of this cause, including all depositions and exhibits, reveal that appellee is entitled to summary judgment as a matter of law. In particular, appellant failed to offer specific and provable facts, not mere allegations or conclusory statements, demonstrating a genuine issue of material fact on all elements of his causes of action. See Allore v. Flower Hosp. (1997),121 Ohio App.3d 229, 234; Youssef v. Parr, Inc. (1990), 69 Ohio App.3d 679,689.
We therefore find appellant's "arguments" not well-taken, and hereby adopt and affirm the well-reasoned opinion of the Honorable Charles Wittenberg of the Lucas County Court of Common Pleas as our own. See Appendix A. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J., CONCUR.
[1] The arguments are:
 "1. The appellee being the moving party who has been granted a summary judgment entry did not satisfy the burden of showing no genuine issue exists as to any material fact.
 "2. It has been demonstrated in the notice of appeal, in appellant's motion for summary judgment and other pleadings that the appellant can and will establish a prima facie case of discrimination based upon race.
 "3. Appellee has not established a nondiscriminatory basis for appellant not being selected for all positions.
 "4. The discrimination against appellant on the basis of his race and gender was with a willful and reckless disregard for the truth and this eventually led to his constructive discharge.
 "5. Appellee placed the plaintiff on leave under the Family Medical Leave Act and called an unauthorized hearing to interfere with said leave and as such was in violation of the law.
 "6. The appellant was denied his due process rights as they pertain to wrongful entries made into his school and professional record."